Filed 2/17/15  In re Genesis G. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re GENESIS G., a Person Coming Under the Juvenile Court Law. | B255914<br>(Los Angeles County<br>Super. Ct. No. CK99768) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN G.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Philip Soto, Judge.  Affirmed.

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

_____

Juan G. (father) appeals from the finding of jurisdiction over his daughter, Genesis G. (minor), in connection with a petition filed under Welfare and Institutions Code section 342.[1] We find no error and affirm.

## FACTS

In 2001, father was convicted of felony possession of a controlled substance. Four years later, he was convicted of using a controlled substance. That offense was a misdemeanor.

The minor was born in early 2009. On May 31, 2013, when she was four years old, the Department of Children and Family Services (Department) filed a section 300 petition on the minor's behalf. It alleged that the minor's mother, Mayra R. (mother), had a history of illicit drug abuse, and that while caring for the minor, mother was under the influence of methamphetamine, which placed the minor at risk of physical harm. As to father, the petition alleged that his whereabouts were unknown.

At the jurisdiction hearing, the juvenile court sustained one count under section 300, subdivision (b) against mother.

Father appeared at the six-month review. He filled out a "Statement Regarding Parentage" form and stated his belief that he was the minor's parent. The juvenile court declared him the presumed father. He was granted monitored visitation and ordered to drug test.

On January 22, 2014, father failed to drug test as requested, and then missed a second appointment to drug test on February 4, 2014. He drug tested on February 5, 2014, and the result was positive for amphetamines and methamphetamines. The following month, the Department filed a section 342 petition on behalf of the minor alleging that she was at risk of harm within the meaning of section 300, subdivision (b), due to father's history of using illicit drugs, which rendered him incapable of providing the minor with regular care.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

A social worker attempted to contact father at the phone number on file for him, but the number was no longer in service. Mother and relatives reported that he was living at Travel Inn Motel on Sepulveda Boulevard. The social worker sent letters to the hotel, and to a paternal aunt. Father never responded.

In the jurisdiction/disposition report, the Department stated that father was uncooperative throughout the course of the investigation, he tested positive for drugs, he had a no show for a drug test that was considered a positive test, and he has a long criminal history related to drugs. It added, "[The minor] is well bonded with father and father maintains regular contact with her. However, [the minor's] safety and well being will be compromised if father does not seek professional help to address his problem. Therefore, father needs to maintain a healthy and sober life by testing clean, completing a substance abuse and parenting education program and individual counseling to address various case related issues[.]"

On March, 14, 2014, the section 342 petition was sustained.

This timely appeal followed.

## DISCUSSION

"In any case in which a minor has been found to be a person described by Section 300 and the petitioner alleges new facts or circumstances, other than those under which the original petition was sustained, sufficient to state that the minor is a person described in Section 300, the petitioner shall file a subsequent petition." (§ 342.)

Under section 300, subdivision (b), a child is a dependent if there is a substantial risk that she will suffer harm because a parent is unable to provide regular care due to the parent's substance abuse.

Whether a parent's drug use qualifies as drug abuse is for the juvenile court to decide based on the facts of each case. (*In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1219 (*Christopher R.*) [looking at the facts as a whole and not applying any strict

3

definitions when finding substantial evidence of drug abuse].)**²** If a child is "six years old or younger at the time of the jurisdiction hearing. . . [,] 'the finding of substance abuse is prima facie evidence of the inability of a parent or guardian to provide regular care resulting in a substantial risk of harm' [citations]." (*Id.* at p. 1219.)

Here, jurisdiction is properly based on the findings sustained against mother. That said, we exercise our discretion to reach the merits of father's challenge to the findings sustained against him because they may be prejudicial to him in future dependency proceedings. (*In re D.P.* (2014) 225 Cal.App.4th 898, 902.) We must affirm the juvenile court's findings as long as they are supported by substantial evidence. (*In re Quentin H.* (2014) 230 Cal.App.4th 608, 613.)

The record establishes that the minor was five years old at the time of the ruling on the section 342 petition. Father had two missed drugs tests (which are presumed to be positive), and then tested positive for amphetamine and methamphetamine after his drug testing on February 5, 2014. Combined with father's criminal drug history, those failed drug tests support an implied finding of drug abuse within the meaning of section 300, subdivision (b). The use of methamphetamine destroys lives, and until father receives treatment, he poses a risk of harm to the minor.

---

**²** We join *Christopher R.* in choosing not to follow *In re Drake M.* (2012) 211 Cal.App.4th 754, 766 (*Drake M.*) [a finding of substance abuse must be based on a diagnosis of substance abuse by a medical professional, or evidence that a parent meets the definition of substance abuse in the DSMA-IV-TR]. As explained in *Christopher R.*, the *Drake M.* definition "is not a comprehensive, exclusive definition mandated by either the Legislature or the Supreme Court . . . ." (*Christopher R.*, *supra*, 255 Cal.App.4th at p. 1218.)

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
                  ASHMANN-GERST


We concur:


_____,J.
            CHAVEZ


_____,J.
            HOFFSTADT

5