Filed 6/9/15  In re N.T. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re N.T. et al.,<br><br>Persons Coming Under the Juvenile Court Law. | B256961<br>(Los Angeles County<br> Super. Ct. No. DK04736) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONTAE T.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anthony Trendacosta, Commissioner. Reversed, remanded with directions.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

Father Dontae T. (father) appeals from the juvenile court's jurisdictional and dispositional orders regarding his children, seven-year-old N.T. and five-year-old Kai T. He contends that the court erred when it relied on the presumption of Welfare and Institutions Code section 355.1, subdivision (d),[1] to sustain counts alleged against him pursuant to section 300, subdivisions (b) and (d). Those counts alleged that the children were at risk because mother Christina M. ("mother," who is not a party to this appeal) had given him unlimited access to the children while knowing he was a registered sex offender. We reverse the jurisdictional findings as to the section 300, subdivision (b) and (d) counts, and the disposition order, and remand for the court to conduct a new jurisdictional hearing with respect to those counts.

## BACKGROUND

Mother and father were in a romantic relationship from 2004 to 2010, which produced their children N. (date of birth Feb. 2007) and Kai (date of birth June 2009). Mother has a third child, 14-year-old Shane M. (date of birth March 2000), from a previous relationship.[2]

At a Super Bowl Party in February 2014, father head butted mother, inflicting a two-inch gash to her forehead. As a result of that incident, the children came to the attention of the Los Angeles County Department of Children Services (DCFS). In the course of its investigation, DCFS also learned that in 2001, when he was 15 years old, father was arrested for misdemeanor indecent exposure for an incident in which he allegedly showed his penis to two female classmates. It

---

[1]    All undesignated section references are to the Welfare and Institutions Code.

[2]    Shane and his father, Raymond M., are not parties to this appeal.

further learned that 2005, when he was 18, he was convicted of a felony violation of Penal Code section 647.6 (annoying or molesting a child under the age of 14). As a result of that conviction, he was required to register as a sex offender under Penal Code section 290.

DCFS filed a filed a petition under section 300 regarding N., Kai, and Shane. One count alleged under section 300, subdivision (a), that mother and father have a history of engaging in physical altercations in the children's presence, including the February 2014 incident, and that such conduct placed the children at risk of harm. Father pled no contest to this count, and it is not the subject of this appeal.[3]

In two other counts alleged under section 300, subdivisions (b) and (d), respectively,[4] the petition alleged that by allowing father to have unlimited access to the children despite knowing that he is a registered sex offender, mother placed the children at risk. In alleging these counts, DCFS relied on the presumption created by section 355.1, subdivision (d), which provides in relevant part: "Where the court finds that . . . a parent . . . (1) has been previously convicted of sexual abuse as defined in Section 11165.1 of the Penal Code, [or] . . . (4) is required, as the result of a felony conviction, to register as a sex offender pursuant to Section

---

[3] In exchange for this plea, the court dismissed a similar count alleged under section 300, subdivision (a).

[4] Section 300, subdivision (b)(1) applies in relevant part where "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child." Section 300, subdivision (d) applies in relevant part where "there is a substantial risk that the child will be sexually abused, as defined in Section 11165.1 of the Penal Code, by his or her parent or guardian or a member of his or her household, or the parent or guardian has failed to adequately protect the child from sexual abuse when the parent or guardian knew or reasonably should have known that the child was in danger of sexual abuse."

290 of the Penal Code, that finding shall be prima facie evidence in any proceeding that the subject minor is a person described by subdivision (a), (b), (c), or (d) of Section 300 and is at substantial risk of abuse or neglect. The prima facie evidence constitutes a presumption affecting the burden of producing evidence." Here, DCFS proceeded on the theory that the presumption applied because father was required to register as a sex offender. Although DCFS does not rely on it, we note as well that father's prior conviction of violating Penal Code section 647.6 qualifies as sexual abuse under Penal Code section 11165.1, subdivision (a).

A contested hearing was held as to these counts. The evidence consisted of the reports (with their attachments) prepared by DCFS. Father presented no evidence of his own. As relevant to the counts contested at the hearing, the DCFS reports showed the following.

According to the police report from the indecent exposure incident in 2001, when father was 15, he was in a classroom at his high school and sat near two girls that he knew. One of the girls told the second girl that father had asked when she (the first girl) was going to let him have sex with her. Defendant then pulled up his sweater, exposed his penis from his open zipper, and said, "isn't it big." In the incident, the tip of father's penis touched the leg of the second girl over her jeans, and she stabbed him in the leg with her pen. Father's CLETS criminal history report listed the arrest, but showed no juvenile delinquency proceedings under section 602.

The police report regarding father's conviction for violating Penal Code section 647.6, when he was 18 years old, stated that the seven-year-old victim, defendant's cousin, fell asleep on her grandmother's bed with her grandmother and other siblings. Around 2:00 a.m., she was awakened by father lying on top of her on the living room couch. She did not know how she got there. She was fully

4

clothed, as was father. Father began to grind his penis under his pants against her clothed pelvic area for about five or ten seconds. The victim tried to yell for her grandmother, but defendant prevented her by placing his hand over her mouth and telling her to be quiet. He also held one of her arms and prevented her from escaping. She continued to struggle until father finally let her go. The victim then ran to her grandmother's room and went to sleep again without waking the grandmother. The victim suffered no physical injury, and there was no skin-to-skin contact. Father did not live at the house, but had been there for several days because his mother had "kicked [him] out of her residence due to previous inappropriate sexual behavior."

Defendant was convicted of violating Penal Code section 647.6, placed on five years' probation, and ordered to serve 382 days in county jail and register as a sex offender under Penal Code section 290. In July 2007, he was arrested for failing to register. His CLETS criminal history report is unclear as to the disposition of that case, reflecting that it was dismissed based on a plea to another charge (he had outstanding warrants), but also reflecting an entry for a conviction for failure to register and a grant of probation.

In the present dependency case, when interviewed by DCFS, father admitted that he was a registered sex offender. Regarding his conviction for abusing his cousin, he said that he had earlier had a physical altercation with the relative that reported him and believed that the relative had retaliated by accusing him of the molestation. Defendant denied sexually abusing his own children.

Kai was too young to provide information to DCFS regarding the risk of sexual abuse. However, Shane said that Kai and N. had never complained to him of physical or sexual abuse by father, and he felt safe in the care of mother and father. Shane denied that he had ever been touched inappropriately by father. He

5

said, "I have been left alone with him before, but he has never touched me. . . . Everything was normal here."

N. told DCFS that she had been left alone with father in the past, and had never been touched. She said she knew the difference between a good and bad touch, and knows to tell her mother or father.

In speaking to DCFS, mother said she had never suspected father of sexually abusing their children. "They are his own kids. So, how are they in danger? . . . He loves his children."

At the jurisdictional hearing on the section 300, subdivision (b) and (d) counts, counsel for DCFS, relying on *Los Angeles County Dept. of Children & Family Services v. Superior Court* (2013) 222 Cal.App.4th 149 (hereafter *Los Angeles County*), argued that the presumption of section 355.1 applied because father was a registered sex offender, and that the burden of producing evidence shifted to father, who produced no evidence. She argued that the mere length of time from father's prior sex crime conviction and the absence of any evidence of current sexual abuse was not sufficient to rebut the presumption. She also noted that father had not participated in any sex abuse counseling (and apparently did not believe he needed any), and that the age of the victim in the prior case was the same age as N. She concluded that "these children are at great risk of being sexually abused by the father." The minors' counsel joined in DCFS' position.

Father's attorney argued that the prior conviction of violating Penal Code section 647.6 occurred nearly ten years earlier when father was 18. In the interim, there had been no reports of or arrests for sexual offenses. Further, Shane and N. denied that father had ever touched them inappropriately, and mother had no suspicion that father had or would abuse his children. Mother's counsel joined in father's arguments.

6

In sustaining the section 300, subdivision (b) and (d) counts, the court relied solely on the presumption of section 355.1, subdivision (d), and the court's reading of the decision in *Los Angeles County*. Nonetheless, the court expressed some reservations: "I have to say that I don't know what to do in terms of where we go with that case [referring to *Los Angeles*]. Because it does seem to indicate that even though somebody is a registered sex offender, even somebody who committed the acts in – I think that case is over 20 years ago – and was not only treated but declared cured by a medical professional[,] [n]onetheless, even though the trial court dismissed the petition, the Court of Appeal said no, this is such a risky proposition, especially talking about children of a young and tender age. . . . So I think I'm compelled to sustain the petition with respect to the (b)(1) and the (d)(1) [counts]." The court removed N. and Kai from father's custody, allowed them and Shane to remain with mother, and ordered father to enroll in a domestic violence program, sexual abuse counseling, individual counseling, parenting classes, and anger management counseling. The court granted father monitored visitation (with mother not to serve as the monitor).

## DISCUSSION

Father contends that the juvenile court erred in relying on the presumption of section 355.1, subdivision (d), to sustain the allegations under section 300, subdivisions (b) and (d). He relies on *In re Quentin H.* (2014) 230 Cal.App.4th 608, a case decided after the relevant proceedings in the present case. We agree that *Quentin H.* controls, and therefore remand the case for a new jurisdictional hearing.[5]

---

[5]    Because father does not challenge the assertion of jurisdiction based upon his plea of no contest to the section 300, subdivision (a) count, DCFS contends that we need not

As the court explained in *Quentin H.*, section 355.1, subdivision (d) "creates a rebuttable evidentiary presumption that a parent who has previously been convicted of sexual abuse as defined in Penal Code section 11165.1 or is required as the result of a felony conviction to register as a sex offender pursuant to Penal Code section 290 poses a substantial risk of harm to a child in his or her care or custody. The prior sexual abuse conviction functions as prima facie evidence of risk and imposes on the parent the burden of producing some evidence to show he or she does not pose a substantial risk of harm to the child. If evidence is introduced that would support a contrary finding, the presumption disappears, and the matter must be determined based on all the evidence presented, including the fact of the prior conviction and reasonable inferences derived from it." (230 Cal.App.4th at p. 610.)

In *Quentin H.*, the father of an eight-year-old son and six-year-old daughter had been convicted in 1987 of sexual abuse of a child under 14 years old, and as a result was required to register as a sex offender. Reports submitted by DCFS contained evidence, "including statements from his children, their older siblings and their mother, that he had not behaved inappropriately with any child in his care, and the fact that he had not reoffended in the more than 20 years since he had been freed from custody." (230 Cal.App.4th at p. 615.) Father relied on such evidence to argue that he had rebutted the presumption of section 355.1,

consider father's challenge to the section 300, subdivision (b) and (d) counts. (See *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 [reviewing court can affirm assertion of jurisdiction if any one of the counts of the petition is supported by substantial evidence].) However, because the finding that Kai and N. are at risk of sexual abuse from father might have consequences to father in the current or future dependency proceedings, we exercise our discretion to consider his challenge to the section 300, subdivision (b) and (d) counts. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.)

8

subdivision (d). However, rather than considering the totality of the evidence, the juvenile court relied solely on the presumption to conclude that the father's children were at risk of being sexually abused. The Court of Appeal reversed, holding that the father had rebutted the presumption, and that therefore the juvenile court was required [shall] determine whether the children were at risk based on all the evidence presented. (*Id*. at p. 620.) The court remanded the case for the juvenile court to "consider all of the evidence the Department cites, including the fact of [the father's] prior sex abuse conviction and any reasonable inferences to be derived from it [citation], along with the evidence identified by [the father], and to determine without regard to the section 355.1 presumption whether the Department has proved by a preponderance of the evidence that jurisdiction is proper based on the allegation involving [the father's] prior conviction and status as a registered sex offender." (*Id.* at pp. 620-621.)

The court distinguished the decision in *Los Angeles County, supra,* on which DCFS and the juvenile court relied in the present case as well as in *Quentin H.* In *Los Angeles County,* the reviewing court granted a petition for writ of mandate setting aside the juvenile court's finding that the father had rebutted the section 355.1, subdivision (d) presumption. As the *Quentin H.* court explained, in *Los Angeles County* "the father had been convicted 25 years earlier of sodomizing two boys, ages six and 10 years old. He served seven years in prison as a result of those convictions and was civilly committed for another 13 years as a sexually violent predator. [Citation.] The father was released from civil commitment in April 2009 without conditions. The record before the juvenile court contained no evidence explaining the basis for his release. [Citation.] The father ceased therapy for sexual predators upon release. His son was born the following year. In December 2012 the Department filed a section 300 petition alleging the father's

9

history as a sex offender made him a danger to his young child. The juvenile court held a contested jurisdiction hearing in which it admitted numerous reports and psychological evaluations of the father prepared during his civil commitment and following his release and determined he had rebutted the presumption and the Department had not proved he was a current risk to his children." (230 Cal.App.4th at p. 618.)

*Quentin H.* noted that the discussion of the section 355.1 presumption in *Los Angeles County* was "somewhat contradictory." (230 Cal.App.4th at p. 619.) At one point in its opinion, the *Los Angeles County* court stated that the father had failed to rebut the presumption because he had not produced any evidence (though he had relied on evidence supplied by DCFS), then "clarified in the very next sentence that it was not relying on the father's failure to produce evidence to rebut the section 355.1 presumption, but on the totality of the evidence in the record, which it found insufficient as a matter of law to support the court's finding." (230 Cal.App.4th at p. 619.) The court in *Quentin H.* concluded that "despite language referring to the statutory presumption, the most reasonable reading of *Los Angeles County* is that the totality of the evidence, including inferences appropriately drawn from his conviction, was such that no reasonable fact finder could conclude the father did not pose a current risk to his young child." (*Id.* at p. 620.)

We find the reasoning of *Quentin H.* persuasive, and conclude that it controls here. Although Kai was unable to provide any information regarding the likelihood that father might abuse her or N., Shane said that Kai and N. had never complained to him of physical or sexual abuse by father. Shane himself felt safe in the care of mother and father, and denied that he had ever been touched inappropriately by father. Similarly, N. said that she had been left alone with father in the past, and had never been touched. She said she knew the difference

between a good and bad touch, and knew to tell her mother or father. Further, mother had no suspicions that father could have inappropriately touched Kai or N. In addition, father's conviction of violating Penal Code section 647.6 occurred nearly 10 years earlier, and there had been no additional reports or accusations of inappropriate behavior with minors. Under *Quentin H.*, this evidence was sufficient to rebut the section 355.1, subdivision (d) presumption that Kai and N. were at risk of sexual abuse from father. Because the juvenile court nonetheless relied solely on the presumption to sustain the counts under section 300, subdivisions (b) and (d), rather than evaluating on the entire record whether DCFS had met its burden of proof, the court erred.

The proper remedy, as in *Quentin H.*, is to reverse the findings sustaining the section 300, subdivision (b) and (d) counts, as well as the disposition order, and remand the case to the juvenile court to conduct a new jurisdictional hearing regarding those counts without regard to the presumption of section 355.1, subdivision (d). On remand, the court shall "consider all of the evidence the Department cites, including the fact of [the father's] prior sex abuse conviction and any reasonable inferences to be derived from it [citation], along with the evidence identified by [the father], and to determine without regard to the section 355.1 presumption whether the Department has proved by a preponderance of the evidence that jurisdiction is proper based on the allegation involving [the father's] prior conviction and status as a registered sex offender." (230 Cal.App.4th. at pp. 620-621.)[6]

---

[6] Because we reverse the jurisdiction and disposition orders under section 300, subdivision (b) and (d) on other grounds, we need not consider father's contention that the evidence was insufficient to support removing custody Kai and N. from his custody.

11

**DISPOSITION**

The jurisdiction findings on the counts under section 300, subdivisions (b) and (d) and the disposition order as to father are reversed. On remand the juvenile court shall conduct a new jurisdiction hearing on those allegations as to father, to determine whether the Department has sustained its burden of proof as to the allegations in the petition without regard to the section 355.1 presumption and giving appropriate weight to the family's current situation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.                    MANELLA, J.