Filed 10/21/20  In re E.T. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re E.T., a Person Coming Under the Juvenile Court Law. | B305481 (Los Angeles County Super. Ct. No. 19LJJP00864A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. NOELLE S., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Affirmed.

Tracy M. De Soto, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kim Nemoy, Acting Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

_____

Noelle S. (Mother) challenges the juvenile court's jurisdiction findings under Welfare and Institutions Code[1] section 300, subdivisions (a) and (b)(1), that Mother failed to protect 19-month-old E.T. from A.T.'s (Father) domestic violence. Because Father does not appeal from the jurisdiction findings, and Mother does not challenge the jurisdiction findings against Father, Mother's appeal is nonjusticiable. We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Referral and Investigation*

In September 2019 Mother, Father, and then-14-month-old E.T. lived with the maternal grandparents in the grandparents' home. On September 16 the Los Angeles County Department of Children and Family Services (Department) received a referral alleging that on September 15 Mother and Father had a physical altercation while E.T. was inside the home with the maternal grandmother. The caller also reported Mother disclosed there had been two prior domestic violence incidents between Mother and Father.

---

[1] Further statutory references are to the Welfare and Institutions Code.

2

Mother told the social worker that on September 15 she and Father argued because she did not approve of Father taking E.T. to the paternal grandmother's home given that E.T. was sick. When the maternal grandfather heard Father yelling, he told Father to leave and threw his bag downstairs. When Father walked out the front door, he knocked over a light in the front yard. The maternal grandfather went outside and grabbed Father by the shirt to push him off the property. Father tried to break free, and the maternal grandfather fell to the ground. When Mother saw the maternal grandfather fall, she ran and jumped on Father's back. Mother and Father tussled, and Mother hit Father to get him off of her. The maternal grandfather rose to his knees and grabbed Father from behind to pull him off of Mother. Father bit Mother and the maternal grandfather during the physical altercation. When the fighting stopped, Mother, Father, and the maternal grandfather were able to get up from the ground. E.T. was inside the home with the maternal grandmother during the fight, except for a short time when the maternal grandmother came outside with E.T. to go to a neighbor's house for help.

The maternal grandfather disclosed that on a prior occasion when Mother and Father had broken up, Father returned to the home and broke Mother's car window. Another time, Father damaged Mother's car radiator. Mother admitted to the social worker Father broke her car window. She also acknowledged someone had tampered with her car radiator, but she did not have proof it was Father.

Father told the social worker he and Mother argued because he wanted to take E.T. to the paternal grandmother's home by bus, but he did not have cough medication for E.T. As

3

Father walked out the door, he accidently hit the maternal grandmother with his backpack as he put it on his back. The maternal grandfather then lunged at Father's back, and Father bent down to get him off. When the maternal grandfather fell to the ground, Mother jumped on Father's back. Mother and the maternal grandfather tried to hold Father down on the ground, but Father was able to get up and walk away. It was not Father's intention to "go as far as he did," but the maternal grandfather initiated the physical contact. Father stated he broke Mother's car window, but she broke his car window first when she kicked it while they were driving in his car. Father did not plan on continuing a relationship with Mother. If the Department opened a case, he did not want to visit E.T.

B.      *The Petition and Detention Hearing*

On December 6, 2019 the Department filed a petition on behalf of E.T. Counts a-1 and b-1 of the petition alleged, "[Mother and Father] have a history of engaging in violent altercations in the child's presence. On 9/15/2019, the father bit the maternal grandfather, . . . inflicting a puncture wound to the maternal grandfather's hand. The mother intervened on behalf of the maternal grandfather and the father scratched and bit the mother's arm. The mother sustained a bite mark and scratches to the mother's arm. The mother struck the father. On a prior occasion, the father broke the windows of the mother's car. On prior occasions, the mother and father engaged in domestic violence. The mother . . . failed to protect the child in that the mother allowed the father to have unlimited access to the child." The petition further alleged Father was arrested for inflicting corporal injury on a spouse or cohabitant, and Father's domestic

4

violence and Mother's failure to protect E.T. placed E.T. at risk of serious physical harm. At the December 9, 2019 detention hearing, the juvenile court detained E.T. from Father and released her to Mother.

C.     *The Jurisdiction and Disposition Hearing*

At the March 4, 2020 jurisdiction and disposition hearing, Mother's counsel indicated she would proceed "by argument based upon the reports." Mother's counsel argued the allegations against Mother should be dismissed because E.T. was not present during the September 15, 2019 incident or when Father broke Mother's car window; Mother was protective of E.T.; and there was no current risk of serious harm to the child. Further, Mother was engaged in services and was seeking a restraining order against Father. The juvenile court asked Mother's attorney to address a 2018 incident described in a police report, which stated Mother and Father had fought in the car, [and] Father "yanked [Mother's] purse, broke her fingernails. Her nails were bleeding. He punched a tree out of anger." Mother's counsel responded, "Your Honor, my client can testify to that. On that particular date the police were called. It was an argument, she broke a nail, and he did grab the phone. That was an incident of, technically, domestic violence. She was not hurt at the time. Again, the child was not present and she did not get involved in services."

After minor's counsel argued the juvenile court should sustain the petition, Mother's counsel stated, "Your Honor, my client says she wants to testify." The juvenile court responded, "Well, no, we've done this by argument and I have a full understanding of the record and we're now basically at rebuttal." Following argument from the Department's counsel, Mother's

5

counsel said, "Your Honor, my client really wants to testify." The court replied, "I don't think testimony is going to be helpful, and I'm going to deny it. We have this scheduled. I gave you a full opportunity to argue. You told me at the beginning of the hearing you're going to proceed by argument. The request for testimony only occurred in the rebuttal phase where I was giving minor's counsel an opportunity to testify and this is not a closed [*sic*] case. So I'm going to deny the mother's request to testify."

The juvenile court found the allegations in counts a-1 and b-1 of the petition were true as to Mother and Father. The court declared E.T. a dependent of the court under section 300, subdivisions (a) and (b)(1). The court removed E.T. from Father's physical custody and placed her in Mother's home under the Department's supervision. Mother could not monitor Father's visits or be present during his visits. The court granted Mother a temporary restraining order against Father and scheduled a hearing on Mother's request for a permanent restraining order for March 25, 2020. The court ordered Mother to attend parenting classes, a support group for victims of domestic violence, and individual counseling with a licensed therapist to address case issues, including domestic violence and parenting.

Mother timely appealed.

## DISCUSSION

The Department contends Mother's appeal is not justiciable because Father has not appealed the juvenile court's assumption of jurisdiction over E.T., and therefore we cannot grant effective relief because the juvenile court will have jurisdiction regardless of how we decide Mother's appeal. Mother contends we can grant

6

effective relief because the juvenile court's finding that Mother is an offending parent "could be prejudicial and impact both the current and future dependency proceedings." However, Mother does not challenge the court's disposition order and fails to point to any specific prejudice she would suffer if we dismiss her appeal. Mother's appeal is therefore nonjusticiable.

"'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'" (*In re I.J.* (2013) 56 Cal.4th 766, 773; accord, *In re M.R.* (2017) 7 Cal.App.5th 886, 896 ["'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'"]; *In re Briana V.* (2015) 236 Cal.App.4th 297, 309 ["[W]e need not address jurisdictional findings involving one parent where there are unchallenged findings involving the other parent."].)

An appeal is not justiciable where "no effective relief could be granted . . . , as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such [challenged] jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 329; accord, *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 ["An important requirement for justiciability is the availability of 'effective' relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status."].) As acknowledged by Mother, the juvenile court

"may base jurisdiction on the actions of one or both parents."  (*In re H.R.* (2016) 245 Cal.App.4th 1277, 1285; accord, *In re Briana V., supra*, 236 Cal.App.4th at p. 308 ["'[A] jurisdictional finding good against one parent is good against both.  More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent.'"].)

Nevertheless, "[c]ourts may exercise their 'discretion and reach the merits of a challenge to any jurisdictional finding when the finding (1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) "could have other consequences for [the appellant], beyond jurisdiction" [citation].'"  (*In re D.P.* (2015) 237 Cal.App.4th 911, 917, quoting *In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763 (*Drake M.*); accord*, In re Madison S., supra*, 15 Cal.App.5th at p. 329; *In re J.C.* (2014) 233 Cal.App.4th 1, 4.)

Here, even if we were to reverse the findings against Mother as to the allegations in counts a-1 and b-1, the juvenile court would have jurisdiction over E.T. based on the sustained jurisdiction findings as to Father, which are not challenged on appeal.  (*In re I.J., supra*, 56 Cal.4th at p. 773; *In re M.R., supra*, 7 Cal.App.5th at p. 896; *In re Madison S., supra*, 15 Cal.App.5th at pp. 328-329.)  In her appellate briefing, Mother does not challenge the disposition order or argue this court can still order effective relief other than by removing her status as an offending parent.  Moreover, the parents' domestic violence and Mother's failure to protect E.T. can be considered in a future dependency court proceeding regardless of the juvenile court's jurisdiction

findings in this case, and any future dependency case would need to be based on conditions existing at that time. (See *In re Madison S.*, at p. 330 ["[T]he substance of the spanking allegation would almost certainly be available in any future dependency or family court proceeding, regardless of any determination on our part as to whether it formed an independent basis for juvenile court jurisdiction."]; *In re I.A., supra*, 201 Cal.App.4th at pp. 1494-1495 ["Father . . . fails to suggest any way in which this [jurisdiction] finding actually could affect a future dependency or family law proceeding, and we fail to find one on our own. In any future dependency proceeding, a finding of jurisdiction must be based on current conditions."].)

The cases relied on by Mother are distinguishable because in each case the appealing parent challenged the disposition order, and the courts concluded the parents could suffer prejudice if the appeal were dismissed. (See *In re Christopher M.* (2014) 228 Cal.App.4th 1310, 1317 ["Because jurisdictional findings based on father's conduct could reasonably have consequences to consideration of father for placement under [Welfare and Institutions Code] section 361.2, subdivision (a), we exercise our discretion to consider father's challenge to those jurisdictional findings."]; *In re Quintin H.* (2014) 230 Cal.App.4th 608, 610, 613 [court exercised discretion to consider father's challenge to juvenile court's removal of children from his custody based on a more than 20-year-old sexual abuse conviction, and outcome could "result in far-reaching consequences with respect to these and future dependency proceedings"]; *Drake M., supra*, 211 Cal.App.4th at pp. 763, 769-771 [court considered father's appeal where father challenged disposition order requiring him to submit to drug testing and participate in drug counseling and

9

parenting classes based on his medical marijuana use in the absence of evidence of substance abuse].)  Here, Mother does not challenge the disposition order or point to any specific prejudice she would suffer from dismissal of her appeal.

We dismiss Mother's appeal as nonjusticiable.[2]

## DISPOSITION

The appeal is dismissed.

FEUER, J.

We concur:


PERLUSS, P. J.


DILLON, J.*

---

[2]     Because Mother's appeal is nonjusticiable, we do not reach whether the juvenile court violated Mother's statutory and due process rights by denying her request to testify at the jurisdiction and disposition hearing and whether substantial evidence supported the juvenile court's jurisdiction findings.

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.