[No. C035458. Third Dist. May 8, 2001.]

In re JOHN S., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
JOHN S., Defendant and Appellant.

## Counsel

S. Lynne Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Jan Scully, District Attorney, and Richard Haig Yenovkian, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

CALLAHAN, J.—John S., father of the minor, appeals from the judgment of the juvenile court adjudging the minor a dependent and adopting a reunification plan. (Welf. & Inst. Code, §§ 358, 395 [further undesignated statutory references are to this code].) Appellant contends the juvenile court erred in interpreting section 355.1, subdivision (d) so as to find that his status as a registered sex offender constituted a prima facie showing that the minor came within section 300, subdivisions (b) and (d). We affirm the judgment.

FACTS

The Sacramento County Department of Health and Human Services (DHHS) detained the 16-year-old minor in June 1999 based upon allegations that his stepfather had sexually abused him several years earlier, his mother failed to protect him from abuse, and he was currently suffering severe emotional trauma as a result of the past abuse. As to appellant, the petition filed by DHHS alleged only that appellant was "a registered sex offender."

According to the detention report, the minor visited appellant every other weekend. Occasionally the minor also would spend a few days with appellant. At the detention hearing, the court granted appellant supervised visitation.

The report for the jurisdictional/dispositional hearing stated appellant and the minor had regular visits and telephone contact. Appellant described their relationship as "close." Appellant acknowledged he was required to register as a sex offender pursuant to Penal Code section 290 due to a 1986 conviction for violation of Penal Code section 288a, subdivision (c). The minor was aware appellant was a registered sex offender and said he had safely spent weekend and overnight visits with appellant. The minor wanted a relationship with appellant and expressed a desire to live with him. The report recommended no services be offered to appellant because he had committed a violent felony (§ 361.5, subd. (b)(11)).

The jurisdictional hearing commenced in January 2000. Appellant's counsel conceded that appellant was a registered sex offender. Nevertheless, counsel argued that this fact was insufficient to sustain jurisdiction as to appellant under either section 300, subdivision (b) or section 300, subdivision (d). Counsel pointed out that the appellant's sex offender conviction was remote and appellant had no convictions since that time. Although acknowledging the record did not disclose the facts of appellant's underlying

conviction, counsel also asserted that the conviction involved a female, not a male victim. The court continued the hearing for a ruling.

An interim addendum report stated the minor wanted extended unsupervised visitation with appellant. The addendum suggested the court order services for appellant with limited unsupervised visitation.

At the renewed hearing, the court began by stating it intended to dismiss the allegations relating to appellant but the minor's counsel then directed the court's attention to the provisions of section 355.1, subdivision (d). The minor's counsel suggested the appropriate reading of the statute meant that appellant's status as a registered sex offender was prima facie evidence to support jurisdiction with respect to appellant whether or not he was a custodial parent. Appellant objected and contended the statute must be read to require the parent to have custody or care of the minor for the presumption to apply. The court accepted the position of minor's counsel and, since appellant did not present evidence to rebut the presumption of prima facie jurisdiction or seek a continuance to do so, sustained the petition.

On dispositional issues, the social worker testified there were some concerns about extended or overnight visitation between appellant and the minor and suggested limiting visits until a home evaluation was completed and the minor's mental status improved. The social worker acknowledged appellant had completed various services and recommended a nonoffender sex abuse program for him. The social worker also agreed that a current psychological evaluation of appellant might be beneficial. The court found clear and convincing evidence the minor would benefit from reunification with appellant, adopted a reunification plan with visitation, and ordered appellant to undergo a psychological evaluation.

## DISCUSSION

Appellant contends the court incorrectly applied section 355.1 and, consequently, substantial evidence does not support the court's jurisdictional findings relating to him.

We recognize that the petition need only contain allegations against one parent to support the exercise of the court's jurisdiction and the allegations against the mother would satisfy the jurisdictional basis for the petition. (*In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1553-1554 [267 Cal.Rptr. 764].) However, if appellant's challenge is successful, there could be an impact on both placement and reunification orders. Accordingly, we shall address appellant's claim.

Section 355.1 provides, in relevant part: "(d) Where the court finds that either a parent, a guardian, or any other person who resides with, or has the care or custody of, a minor who is currently the subject of the petition filed under Section 300 . . . is required, as the result of a felony conviction, to register as a sex offender pursuant to Section 290 of the Penal Code, that finding shall be prima facie evidence in any proceeding that the subject minor is a person described by subdivision (a), (b), (c), or (d) of Section 300 and is at substantial risk of abuse or neglect. The prima facie evidence constitutes a presumption affecting the burden of producing evidence."

██ The question posed by the parties, both in the juvenile court and on appeal, is whether the phrase "who resides with, or has the care or custody of" modifies only "other person" or whether it also modifies "parent" and "guardian." Appellant argues the phrase must modify all three and, since he is a parent who does not have care or custody of the minor, the section does not apply to him. Respondent contends the statute should be given the broadest possible application to further the legislative purpose of protection of the child and the phrase should therefore modify only "other person."[1]

██ To ascertain the meaning of the statute, we begin with the language in which the statute is framed. (*People v. Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) It is only where the language of the statute is ambiguous, i.e., capable of two reasonable constructions, that it is necessary to engage in interpretive analysis. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775-776 [72 Cal.Rptr.2d 624, 952 P.2d 641].) In view of the contrasting interpretations of the parties and of the language itself, the statute must be considered ambiguous. In such cases, a statute is to be given a reasonable and commonsense construction consistent with the apparent purpose and intention of the Legislature.[2] (*Cossack v. City of Los Angeles* (1974) 11 Cal.3d 726, 732-733 [114 Cal.Rptr. 460, 523 P.2d 260].)

[1]Respondent suggests the grammatical structure of the phrase supports this contention. While punctuation and grammar should be considered in interpreting a statute, neither is controlling unless the result is in harmony with the clearly expressed intent of the Legislature. (58 Cal.Jur.3d (1980) Statutes, §§ 121, 122, pp. 512-513; *Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 224-225 [38 Cal.Rptr.2d 35].)

[2]In construing a statute, legislative committee reports, bill reports, and other legislative records are appropriate sources from which legislative intent may be ascertained. (*Calvillo-Silva v. Home Grocery* (1998) 19 Cal.4th 714, 724 [80 Cal.Rptr.2d 506, 968 P.2d 65]; *People v. Superior Court (Arthur R.)* (1988) 199 Cal.App.3d 494, 499-500 [244 Cal.Rptr. 841].) At appellant's request, we have taken judicial notice of such material. However, we find it is not helpful in our task. Copies of the bill disclose that, from the first introduction of the phrase in question, the language remained unchanged. (Sen. Bill No. 208 (1999-2000 Reg. Sess.) as amended Mar. 11, 1999, and Stats. 1999, ch. 417, § 2.) The language at issue does appear in the legislative reports and summaries, but only in a descriptive context. Since the materials

The Legislature has provided some direction in interpreting the statute. The bill enacted by the Legislature amending section 355.1 to include the provision before us contains a declaration of legislative findings and purpose. Section 1 of the act states: "The Legislature finds that children of the State of California are placed at risk *when permitted contact with a parent or caretaker who has committed a sex crime.* Further, the Legislature finds that children subject to juvenile court dependency jurisdiction based on allegations of molestation are in need of protection from those persons. Therefore, the purpose of this act is to ensure that information regarding those acts is appropriately considered by the juvenile court in determining whether a child is in need of juvenile court dependency protection." (Stats. 1999, ch. 417, § 1, italics added.)

 Thus, the intent of the Legislature was to focus on the heightened risk facing minors who come into contact with sex offenders and to ensure the juvenile court has information about such persons when assessing jurisdictional facts. When viewed in light of the overall purpose of the dependency scheme to protect minors from neglect and abuse, the language of section 355.1, subdivision (d) calls for the widest application of its terms to individuals having contact with the minor. (Cf. *Wilson v. County of Santa Clara* (1977) 68 Cal.App.3d 78, 84 [137 Cal.Rptr. 78].) The broadest application occurs when the phrase "who resides with, or has the care or custody of" modifies only "other person" since the presumption in the section would then apply to any parent or any guardian as well as to a specifically defined class of other individuals. We recognize that this construction will permit the presumption to apply to noncustodial parents or guardians. However, with few exceptions, both such individuals have the legal right to have contact with the child. Because of the overriding need to protect the child, the legislative considerations regarding allocation of burden of proof should apply to the noncustodial parents and guardians as well.

Even were we to apply the narrower construction urged by appellant, he would not prevail. The evidence before the court showed that there were significant periods of time during extended visits when appellant resided with or had the care or custody of the minor. Because the statute does not require formal custody orders or specific agreements for care of the minor, unsupervised extended visitation of the kind shown by the evidence in this case would have triggered the statutory presumption as to appellant.

We emphasize that the presumption in the statute is not conclusive and affects only the burden of producing evidence. Appellant was free to present

provided by appellant demonstrate that the various committees and interest groups were concerned about matters other than the scope of the provision, those materials are of no assistance in construing the provision.

evidence that his status as a registered sex offender did not place the minor at substantial risk of abuse or neglect. Appellant did not do so, instead relying only upon the evidence in the social worker's report and reasonable inference therefrom to oppose an adverse jurisdictional finding.

DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Raye, J., concurred.