Filed 3/11/15  In re Alan G. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re ALAN G., a Person Coming Under the Juvenile Court Law. | B256642 |
| | (Los Angeles County Super. Ct. No. DK02827) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIE G.,<br><br>Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marguerite Downing, Judge.  Affirmed.

Joseph D. Mackenzie, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel for Plaintiff and Respondent.

_____

Willie G., father of Alan G., appeals from the jurisdictional and dispositional orders of the juvenile court.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, years before the present dependency proceedings, Alan G.'s family came to the attention of the Department of Children and Family Services (DCFS) based on the allegation that Willie G. had sexually abused children in the family.  DCFS concluded that Willie G. had sexually abused Alan G.'s older stepsister, but that the remaining five children in the home, including six-year-old Alan G., were not at risk of abuse.  Willie G. was convicted of two counts of lewd and lascivious acts with a child under the age of 14 years (Pen. Code, § 288(a)) and was required to register as a sex offender.  Alan G. had no contact with Willie G. after the criminal proceedings.  A protective order expired in 2012.

In 2012, DCFS again investigated the family relating to sexual abuse.  Twelve-year-old Alan G. was inappropriately kissing one of his sisters, prompting a referral on the suspicion that Alan G. may have been sexually molested or witnessed Willie G. molesting Alan G.'s older stepsister.  DCFS found no evidence that Alan G. or the sister he kissed had been sexually abused by anyone and concluded that there were no safety concerns for any of the children warranting DCFS involvement.

In 2013, DCFS received another referral regarding the family, this time, an allegation that Alan G., age 14, was sexually abusing one of his sisters at school.  The sister said that Alan G. had showed her how to fondle another child and that she was touched sexually by Alan G.  DCFS, however, found the allegation of sexual abuse unfounded.

The instant dependency proceedings began in November 2013 with a report of physical abuse of Alan G. by his stepfather, Hubert J.  Alan G. alleged that Hubert J. hit him in his face with an open hand, grabbed his shirt, and threw him onto the couch while calling him profane names.  Alan G. said he feared going home.  He claimed that his

mother, Candice W., had never seen Hubert J. hit him, and he was unsure whether he had told her about the physical discipline.

Hubert J. and Candice W. denied that Hubert J. had abused Alan G. According to Candice W., Alan G. had caused many problems in the home and could not be trusted; she believed that he had made the abuse allegation to prompt her to force her husband to leave the home. Hubert J. admitted to yelling when frustrated with Alan G.'s behavior at home and in school, but denied ever abusing, neglecting, or physically disciplining him. Hubert J. agreed to participate in services.

Alan G. had been diagnosed with attention deficit hyperactivity disorder and oppositional defiant disorder. He had been receiving counseling services since 2007, but the therapy had little effect because Alan G. refused to open up to a therapist. Alan G.'s current therapist told DCFS that she had been working with Alan G. since April 2013, focusing on verbal aggression and defiant behaviors. She had never observed marks or bruises on Alan G. and did not suspect abuse or neglect in the home. A special education specialist who had known Alan G. for three years suspected that Alan G. was depressed based on his withdrawal from class participation and recent aggression toward others. Candice W. expressed concerns to DCFS regarding Alan G.'s mental health, stating that he had exhibited behaviors that were beyond her control and that placed his siblings at risk. Candice W. consented to have Alan G. placed outside the home for mental health services.

DCFS held a team decision meeting with Candice W. and Hubert J. at which it was determined that Alan G. required intensive services to address his mental health needs. Alan G. was placed in a group home.

DCFS filed a dependency petition in late December 2013 alleging that Alan G. was subject to the jurisdiction of the juvenile court under Welfare and Institutions Code[1] section 300, subdivision (b) because Hubert J. physically abused him and Candice W. failed to protect him from this abuse; and because Candice W. was unable to provide

---

[1]    Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

adequate parental care and supervision to Alan G. due to his mental and emotional problems. No allegations in the petition pertained to Willie G., and DCFS noted that as of December 2013 his whereabouts were unknown.

By February 2014, DCFS had located and contacted Willie G. Willie G. provided information to DCFS and expressed shock at the allegations, but he did not express any concerns about Alan G.'s placement. DCFS noted that Willie G. had not attempted to visit Alan G. and had no contact with him since 2006.

Willie G. did not appear at the jurisdictional hearing in February 2014. Counsel was appointed to represent him. The court sustained the petition as amended, finding true the allegation that Candice W. was unable to provide appropriate care for Alan G. due to his mental and emotional problems. The physical abuse allegation was dismissed. The court declared Alan G. a dependent child of the juvenile court, removed him from the custody of his mother, and ordered him suitably placed. According to the minute order, the court ordered family reunification services to Alan G. and his parents. The court ordered monitored visits for both parents and gave DCFS discretion to liberalize visits.

The following month, DCFS filed a subsequent dependency petition under section 342 making the following allegation pursuant to section 300, subdivisions (b) and (d): "The child Alan G[.]'s father, Willie G[.], has a criminal conviction of [l]ewd or [l]ascivious [a]cts with a child [u]nder fourteen years of age. The father is a registered sex offender and is currently registered with local [l]aw [e]nforcement. The father's criminal history and conduct endangers the child's physical health and safety, placing the child at risk of physical harm, damage and sexual abuse."

DCFS interviewed Alan G. about his father. Alan G. reported that he had no contact with his father and that his father could not see the children. When asked why his father could not have contact with him, Alan G. answered, "Because he molested my sister." Alan G. denied that Willie G. had ever sexually abused or inappropriately touched him. Alan G. denied ever sexually touching his siblings.

DCFS also interviewed Candice W., who stated that because of Alan G.'s inappropriate behavior toward his siblings, she believed that Willie G. might have

4

sexually abused Alan G. Candice W. explained that Alan G. "once brought home about 50 pairs of used female underwear. In one bag he had dildos." That incident occurred in 2011. Candice W. also believed that Alan G.'s negative behavior stemmed from verbal abuse by Willie G.

It was agreed by all parties that Willie G. had been absent from Alan G.'s life for many years. Candice W. confirmed that Alan G. had had no contact with his father since 2006. Willie G. told DCFS that he had no contact with Alan G. since he pleaded no contest to the charges against him, and said, "I have not been involved in my child's life." DCFS represented to the court that Willie G. "has not made any attempts to visit with the child and has not had any contact with the child since 2006."

The adjudication and disposition hearing was held in May 2014. Willie G. was not present and his counsel had not spoken to him before the hearing. Counsel asked the court to dismiss the petition because by all reports Willie G. had not had contact with Alan G. since 2007. Moreover, counsel observed, Alan G. was clear about why his father was not part of his life. Because Alan G. was 14 years old, she argued, "he would be able to clearly report any risk, if there was any, but he indicates that he has no relationship with his father[] given the last case[] involving this family." She contended that there was no showing of risk and no nexus to any risk to Alan G.

Counsel for DCFS made her argument for risk to Alan G.: "Mother's statements are very clear . . . that she believes, as do the professionals, that Father's sexual abuse of [Alan G.'s stepsister] placed Alan at risk. That is before Father was removed from Alan's life. Alan was exhibiting some fairly bizarre behaviors that were sexual in nature and Mother believes that it may have been—there may have been something inappropriate going on between Mr. G[.] and Alan, although he was never prosecuted for that. [¶] So I do think that his sexual behavior in the past put Alan at risk and the Department believes that they have proved the petition by a preponderance" of the evidence.

The court found the allegations of the dependency petition to be true, and explained its reasoning as follows: "The court finds that nexus between these and the

5

risk to Alan, is that the behavior Alan is exhibiting, the inappropriate behavior that has been referenced in the report and it appears that he had—it could be causing, connected to Mr. G[.]'s involvement of law enforcement." The court noted Willie G.'s counsel's objection that the incident occurred in 2011. The court denied Willie G. reunification services, over the objection of his counsel, based on father's failure to participate in the dependency proceedings. The court found, "I don't think it's in Alan's best interest [to have reunification services], since the father has shown no interest in visiting, availing himself to any type of services or participating in Alan's life at this point, in any way." Willie G. appeals.

## DISCUSSION

At the time this petition was filed, Alan G. was already a dependent child of the court due to allegations previously found true involving his mother. Section 342, under which this petition was filed, provides that "In any case in which a minor has been found to be a person described by Section 300 and the petitioner alleges new facts or circumstances, other than those under which the original petition was sustained, sufficient to state that a minor is a person described in Section 300, the petitioner shall file a subsequent petition." As with an original petition, the juvenile court must determine by a preponderance of the evidence if a child is described by section 300. (§§ 342, 355, subd. (a).) Willie G. argues that the evidence was insufficient to support the court's jurisdictional findings. We review the jurisdictional and dispositional findings for substantial evidence. (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.)

Section 355.1, subdivision (d) provides that where the court finds that a parent has been convicted of sexual abuse or is required as the result of a felony conviction to register as a sex offender, "that finding shall be prima facie evidence in any proceeding that the subject minor is a person described by subdivision (a), (b), (c), or (d) of Section 300 and is at substantial risk of abuse or neglect. The prima facie evidence constitutes a presumption affecting the burden of producing evidence." This provision "evinces a legislative intent that sexual abuse of someone else, without more, at least supports a

6

dependency finding." (*In re I.J.* (2013) 56 Cal.4th 766, 779, italics omitted.) It applies to both custodial and noncustodial parents. (*In re John S.* (2001) 88 Cal.App.4th 1140, 1143-1145.)

As part of its findings on the dependency petition, the juvenile court found true the allegation that Willie G. was a registered sex offender who was convicted of lewd or lascivious acts with a child under the age of 14. While the court did not invoke section 355.1, subdivision (d), under that provision this determination constituted prima facie evidence that Alan G. was described by subdivisions (b) and (d) of Section 300 and was at substantial risk of abuse or neglect.

"Once the petitioner establishes a prima facie case under section 355.1 the burden of producing evidence 'shifts to the parents the obligation of raising an issue as to the actual cause of the injury or the fitness of the home.' [Citation.]" (*In re D.P.* (2014) 225 Cal.App.4th 898, 903, italics omitted.) "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." (Evid. Code, § 604.) Willie G. did not present any evidence at the contested adjudication hearing to rebut the presumption that Alan G. was described by subdivisions (b) and (d) of Section 300 and was at substantial risk of abuse or neglect, nor did he identify any contrary evidence in the DCFS reports to rebut this presumption. (See *In re Quentin H.* (2014) 230 Cal.App.4th 608, 616-618 [parent may rebut presumption by identifying contrary evidence in DCFS's own reports that was relevant to whether parent poses a current risk to the children].) The presumption of substantial risk, therefore, was not rebutted, and it supports the court's determination. The juvenile court properly found that Alan G. was at substantial risk of abuse or neglect under section 300, subdivisions (b) and (d).

On appeal, the gravamen of Willie G.'s argument is that he poses no substantial risk to Alan G. because he has had no contact with him for many years; but Willie G.'s

7

request in his opening brief that this court order reunification services suggests that he now intends to have contact with his son and undermines his argument that he poses no risk due to his absence from his son's life. Willie G. does not acknowledge the existence of section 355.1, subdivision (d) and does not address its impact in his arguments that there was insufficient evidence to support the jurisdictional findings. Willie G. has failed to meet his burden on appeal of showing that there was insufficient evidence to support the jurisdictional findings of the juvenile court.

**DISPOSITION**

The judgment is affirmed.


ZELON, J.

We concur:


PERLUSS, P. J.


FEUER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.