Filed 2/2/22  In re A.R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | |
| STANISLAUS COUNTY COMMUNITY SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.R., <br><br> Defendant and Appellant. | F082973 <br><br> (Super. Ct. Nos. 517397, 517398, 517399, 517400, 517401, 517402, JVDP-21-000064) <br><br> **OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Stanislaus County.  Ann Q. Ameral, Judge.

David M. Yorton, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

Appellant A.R. (father) appeals from the juvenile court's dispositional order denying him reunification services as to his seven children pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(13)[1] because of his "extensive, abusive, and chronic use of drugs" and resistance to prior court-ordered treatment. After reviewing the juvenile court record, father's court-appointed attorney informed this court he could find no arguable issues to raise on father's behalf. This court granted father leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844.) Father filed a letter but failed to make the requisite showing. Consequently, we dismiss the appeal.

**PROCEDURAL AND FACTUAL SUMMARY**

On March 16, 2021, the Stanislaus County Community Services Agency (agency) responded to a referral alleging father's children were not attending school. During a home visit, father and the children's mother S.G.[2] (the parents) appeared to be under the influence. The parents had a history of methamphetamine abuse. Father looked like he had not slept in a long time, was jittery and had a weird odor. S.G. was twitchy and had scrapes on her hands and arms. Several days later, a social worker made an unannounced visit at the family home. The outside of the residence was littered with numerous trash bags and debris. A marijuana bong was observed on the front porch, accessible to the children. The parents initially refused the social worker access to the home but eventually relented. There was a marijuana bong on the nightstand and the parents admitted using marijuana. They refused a drug test and would not allow the social worker to speak to the children, stating the social workers traumatized them.

---

[1]     Statutory references are to the Welfare and Institutions Code.

[2]     S.G.'s appellate counsel also filed a *Phoenix H.* letter stating he could find no arguable issues to present on her behalf. We granted S.G. leave to file a letter brief but she did not and the case was dismissed as abandoned.

Social workers met on March 26, 2021, and decided to arrange a team decision meeting with the parents. The parents were notified of the meeting but did not respond. Meanwhile, father's 15-year-old son from another relationship told the social worker he moved back in with his mother in December 2020 because the parents were using methamphetamine. He did not believe father was properly caring for his siblings. When the parents were using methamphetamine, other drug users took care of the children.

The agency was familiar with the parents, having intervened in 2014 because of their drug use. They were offered voluntary family maintenance services in July 2014 but were slow to complete substance abuse assessments and were discharged from treatment for poor attendance. Father was also discharged for testing positive for amphetamines. He was recommended for a higher level of treatment but refused. The agency closed their voluntary case at their request even though they had not completed their programs. In October 2015, the agency received another referral, stating mother delivered a baby and admitted using methamphetamine two days prior. She and the baby tested positive for amphetamines. A petition was filed alleging the parents left the children in the care of a person they had only known for a week, mother delivered a baby who tested positive for amphetamines and father was incarcerated. The parents were granted reunification services, including substance abuse assessments and random drug testing. They successfully completed treatment and reunified with the children in September 2017. In February 2019, the agency received a referral that their then two-year-old daughter was found alone in a store parking lot. The agency filed a dependency petition and the parents were provided reunification services, including substance abuse assessments, random drug testing and dependency drug court. The parents successfully completed dependency drug court and reunified with the children in June 2020.

On April 1, 2021, the agency filed this latest dependency petition on the children's behalf alleging their parents' substance abuse placed them at a substantial risk of

3.

suffering serious physical harm or neglect as described by section 300, subdivisions (b)(1) (failure to protect) and (j) (abuse of sibling). The following day, the agency provided the parents referrals for individual counseling and substance abuse and clinical assessments. They were also instructed to complete a drug test. The children were placed in separate foster homes in Merced County.

The juvenile court ordered the children detained on April 8, 2021, pursuant to the petition and set a jurisdiction/disposition hearing for May 20, 2021. In its report for the hearing, the agency recommended the juvenile court deny the parents reunification services under section 361.5, subdivision (b)(13) because of their extensive, abusive, and chronic use of drugs and resistance to treatment. S.G. was engaging in services but was not honest about her substance use. Father had not completed his substance abuse assessment or tested for the agency.

On April 13, 2021, father was arrested for driving under the influence of alcohol with a blood-alcohol level of 0.12. On June 3, 2021, he was arrested for vehicle theft and possession of a stolen vehicle.

In an addendum report, the agency informed the juvenile court that the parents had yet to participate in individual counseling. S.G. tested positive for methamphetamine on May 12, 2021, and father was not showing up to drug test. The agency recommended the court set a review hearing under section 366.3 instead of a section 366.26 hearing. The agency needed time to assess relatives in Arizona who were interested in taking placement of the children.

On June 23, 2021, following a contested jurisdiction/disposition hearing, the juvenile court sustained the petition and adjudged the children dependents as alleged. The court ordered the children removed from parental custody, denied the parents reunification services as recommended and scheduled a 366.3 hearing for December 14, 2021. The court ordered the agency to initiate a placement request through the Interstate Compact on the Placement of Children in the state of Arizona.

4.

**DISCUSSION**

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father contends the children were removed from his home without just cause and asks for a second chance to regain custody of them. He does not, however, raise any arguable issues that merit supplemental briefing.

A juvenile court may exercise its dependency jurisdiction over a child if it finds, by a preponderance of the evidence, the actions of either parent brings the child within one of the statutory definitions set forth in section 300 and its subdivisions. (*In re Joshua G.* (2005) 129 Cal.App.4th 189, 202.) Here, the court found the children came within its jurisdiction under section 300, subdivision (b)(1), which applies as relevant here where "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of the child's parent … to provide regular care for the child due to the parent's … substance abuse." (§ 300, subd. (b)(1).) The court also found the children were described by subdivision (j) of section 300 which applies to a child whose sibling has been abused or neglected as defined in subdivisions (a), (b), (d), (e), or (i) and there is a substantial risk that the child will be similarly abused or neglected. Because the court assumes jurisdiction over the child, not over the parents, jurisdiction may exist based on the conduct of one parent alone. (See § 302, subd. (a); *In re John S.* (2001) 88 Cal.App.4th 1140, 1143.)

If the juvenile court finds a statutory basis for dependency jurisdiction, it may order the child removed from parental custody at the dispositional hearing on a finding by clear and convincing evidence that returning the child to parental custody would place the child in substantial danger and there are no reasonable means to protect the child short of removal. (§ 361, subd. (c)(1).) Unless the court finds one of the statutory exceptions in

section 361.5, subdivision (b) apply, it must order services to reunify the family. Here, the juvenile court denied father reunification services under section 361.5, subdivision (b)(13) based on evidence he had a history of "extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention …."

In order to prevail on a challenge to the juvenile court's jurisdictional findings and dispositional orders, an appellant would have to show that there is no substantial evidence to support the juvenile court's findings and orders.

Father contends the agency was unjustified in removing the children from the home in March 2021 because he was not using methamphetamine. He admits using marijuana and explains he did not test for the agency because he believed the results would be used against him. The children were not in school because they were sick and he was concerned about sending them back because of COVID-19. He did not allow the social worker to talk to the children because they were already traumatized by their experience with the agency.

Here, the juvenile court found a jurisdictional basis over the children because of father's *and* S.G.'s behavior. Since S.G. did not appeal from the court's jurisdictional findings, the court has jurisdiction over the children by virtue of its findings as to her. Further, substantial evidence supports the court's jurisdictional findings as to father. His history of methamphetamine use, his 15-year-old son's statement he was using the drug and his refusal to test for the social worker support findings under section 300, subdivisions (b)(1) and (j) that his substance abuse placed the children at a substantial risk of serious physical harm and neglect.

Father does not challenge the juvenile court's dispositional order removing the children from his custody and to the extent his request for a second chance is a challenge to the court's denial of services order, it fails. There is no dispute that father's history of

methamphetamine use satisfies the express provisions of section 361.5, subdivision (b)(13) and that he resisted treatment by resuming drug use. Once the court finds that section 361.5, subdivision (b)(13) applies, it is prohibited from ordering reunification services unless it finds that doing so would serve the child's best interest. (§ 361.5, subd. (c)(2).) Here, the juvenile court found providing reunification services to the parents would not serve the children's best interests, noting the children had been traumatized by multiple removals from the home and the parents were resistant to substance abuse treatment.

We conclude father failed to set forth a good cause showing that an arguable issue of reversible error exists on this record. Consequently, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.