Filed 4/26/21  In re E.R. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re E.R. et al., Persons Coming Under the Juvenile Court Law. | B307491 (Los Angeles County Super. Ct. No. 20CCJP02133) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. RONNIE R., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Appeal dismissed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

_____

In this dependency case (Welf. & Inst. Code, § 300),[1] Ronnie R. (Father) challenges the sufficiency of the evidence supporting the jurisdictional finding against him—that is marijuana abuse placed his four-year-old son and seven-year-old daughter at risk of serious physical harm, damage, danger, and failure to protect. We conclude Father's challenge to the jurisdictional finding against him is not justiciable because, even if we were to reverse the finding, jurisdiction over Father's children would continue based on the unchallenged jurisdictional findings against L.V., the children's mother (Mother),[2] and there is no effectual relief we can order for Father, as explained below. Accordingly, we dismiss this appeal.

## BACKGROUND

Prior to these dependency proceedings, Father and Mother shared joint legal custody of their children, four-year-old R.R. and seven-year-old E.R., under a 2017 family law order. The order also provided primary physical custody to Mother, with visitation for Father every other weekend and every other Wednesday.

At the time of the current referral in this matter, in March 2020, Mother, E.R., and R.R. lived with Mother's boyfriend V.V.

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Mother is not a party to this appeal.

2

and Mother and V.V.'s infant daughter C.V.[3] These dependency proceedings arise out of a domestic violence incident between Mother and V.V. in March 2020.

During its investigation of the domestic violence referral, the Los Angeles County Department of Children and Family Services (DCFS) learned that when R.R. and E.R. visited with Father they sometimes slept in a trailer on the property of the children's paternal great-grandmother. DCFS also learned: Father was a regular user of marijuana; he smoked marijuana in the trailer;[4] and the paternal great-grandmother once smelled marijuana outside her home while the children were inside her home and Father was in the trailer. On March 26, 2020, Father submitted to a drug screening at DCFS's request, and he tested positive for marijuana.

In April 2020, DCFS obtained an order for the children's removal from Mother. DCFS placed R.R. and E.R. with Father in the home of the children's paternal grandmother (not the trailer on the property of the paternal great-grandmother). On April 15, 2020, DCFS filed a dependency petition under section 300,

_____

[3] This appeal does not concern C.V., so we do not set forth the facts regarding her detention from Mother and V.V. or the adjudication/disposition of the dependency petition as to her.

[4] There is no evidence in the record indicating Father smoked marijuana in the trailer while the children were also inside the trailer. A DCFS social worker made an unannounced inspection of the trailer at a time when neither Father nor the children had been there for a couple weeks. The social worker observed a bong for smoking marijuana and an ashtray full of ashes. The social worker did not state in the Detention Report that she observed marijuana in the trailer.

3

subdivisions (a) and (b), alleging Mother's history of engaging in violent altercations with V.V. in the children's presence placed R.R. and E.R. at risk of harm (counts a-1 & b-1). The petition also included the following allegation against Father under section 300, subdivision (b):

"[Father] has a history of substance abuse, and is a current abuser of marijuana, which renders the father incapable of providing regular care and supervision of the children. On 3/26/20, the father had a positive toxicology screen for marijuana. The children are of such a young age, as to require constant care and supervision and the father's substance abuse interferes with providing regular care and supervision of the children. The father's substance abuse endangers the child's [*sic*] physical health and safety and places the child [*sic*] at risk of serious physical harm, damage and danger."

At the April 20, 2020 detention hearing, the juvenile court found DCFS made a prima facie showing that the children were persons described by section 300. The court detained the children from Mother and released R.R. and E.R. to Father, with an order for family preservation services, unannounced home visits, and a referral to drug testing for Father.

In conducting interviews in preparation of the Jurisdiction/Disposition Report, DCFS learned additional information regarding Father's marijuana use. On July 29, 2020, Father told a dependency investigator he had been smoking marijuana since he was 18 years old (a period of 13 years), and he " 'would use it as if [he] was smoking a cigarette.' " He denied ever smoking marijuana in the children's presence, and he represented that he had " 'stopped using the [*sic*] marijuana completely' " when DCFS placed the children with him on April

4

13, 2020. One day after this interview with the investigator, on July 30, 2020, Father tested positive for marijuana at a level three times higher than that found during his March 26, 2020 test.[5] During V.V.'s August 3, 2020 interview with the dependency investigator, V.V. stated that when Father would return the children after visits, V.V. would smell the odor of marijuana when he opened Father's car door to receive the children, and V.V. would observe that Father's eyes were red. Mother referred to Father as "a 'pot head.' "

In the Jurisdiction/Disposition Report, DCFS recommended R.R. and E.R. remain placed with Father. In a Last Minute Information for the Court filed on August 25, 2020, DCFS recommended the juvenile court place the children in Mother's and Father's custody, under the same arrangement that existed prior to these dependency proceedings, as set forth in the 2017 family law order—joint legal custody, primary physical custody to Mother, with visitation for Father.

At the August 25, 2020 adjudication/disposition hearing, Mother (and V.V.) pleaded no contest to the domestic violence allegations in the dependency petition (counts a-1 & b-1), and the court found them to be true. Over Father's objection, and at the urging of DCFS's counsel and the children's counsel, the court sustained the allegations in the petition regarding Father's marijuana abuse (count b-2, quoted above).

The juvenile court declared R.R. and E.R. dependents of the court and adopted DCFS's recommendation that R.R. and E.R. be

---

[5] Father failed to appear for seven randomly scheduled drug tests between April 30 and July 21, 2020. The record does not include any negative drug test results for Father.

placed in Mother's and Father's custody under the arrangement they had prior to the dependency proceedings. The court ordered DCFS to conduct a Child and Family Team (CFT) meeting to address the particulars of the custody arrangement. The court also ordered family preservation services and required Father to submit to random, weekly drug testing. In light of the jurisdictional finding against him regarding his marijuana abuse, Father did not object to the testing order.

## DISCUSSION

Father challenges the sufficiency of the evidence supporting the jurisdictional finding against him regarding his marijuana use. For the reasons explained below, we conclude his challenge is not justiciable.

"It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489 (*I.A.*).) Under the justiciability doctrine, courts generally do not act upon or decide moot issues, abstract propositions, or purely academic questions. (*Id.* at p. 1490.) "An important requirement for justiciability is the availability of 'effective' relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status." (*Ibid.*)

As applied in dependency cases, the justiciability doctrine provides that if there is evidentiary support for any jurisdictional finding (or an unchallenged jurisdictional finding), "an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings." (*I.A.*, *supra*, 201 Cal.App.4th at p. 1492.) This is because dependency proceedings "focus on the child," and a "juvenile court takes jurisdiction over children, not parents." (*Id.* at p. 1491.)

In his appellate briefing, Father acknowledges the juvenile court's jurisdiction over his children will continue based on the unchallenged jurisdictional findings against Mother (regarding her history of engaging in violent altercations with her boyfriend in the children's presence), even if this court were to reverse the challenged jurisdictional finding against Father. But Father asks this court to exercise its discretion to review the merits of his challenge to the jurisdictional finding against him, arguing the finding "could be prejudicial to him in this current case and in any future child dependency proceeding."

We recognize that we may "exercise our discretion to reach the merits of the other parent's jurisdictional challenge in three situations: (1) the jurisdictional finding serves as the basis for dispositional orders that are also challenged on appeal; (2) the finding[] could be prejudicial to the appellant or could impact the current or any future dependency proceedings; and (3) the finding could have consequences for the appellant beyond jurisdiction." (*In re J.C.* (2014) 233 Cal.App.4th 1, 4.) For the reasons explained below, however, we reject Father's arguments and conclude there is no basis for this court to exercise its discretion to review Father's challenge to the jurisdictional finding against him.

Father argues the jurisdictional finding against him could affect his custody of his children, but he does not explain how. His children are currently placed in his and Mother's custody under the arrangement that existed before these dependency proceedings—an arrangement to which he has not objected.

The challenged jurisdictional finding is not likely to influence future dependency jurisdiction, which will require "evidence of then current circumstances placing the minor at

risk." (*I.A.*, *supra*, 201 Cal.App.4th at p. 1495.) Moreover, the marijuana abuse finding under section 300, subdivision (b) creates no legal impediment to Father's future receipt of reunification services. (See § 361.5, subd. (b).)

Father asserts that if this court were to reverse the challenged jurisdictional finding, he "would no longer be required to participate in reunification services as an offending parent." The juvenile court never ordered reunification services for Father because R.R. and E.R. have always been in his custody during the pendency of these proceedings. To the extent Father is referring to the requirement that he submit to drug testing, the court could have made such an order even if it did not sustain the allegation against Father and he was a nonoffending parent in this case. " 'The problem that the juvenile court seeks to address [through court-ordered services] need not be described in the sustained section 300 petition.' " (*In re D.L.* (2018) 22 Cal.App.5th 1142, 1148.)

Father states he does not want to be labeled an "offending" parent, but as explained above, he has not articulated any present or future prejudice arising from his status as an offending parent in this case. (Cf. *In re Quentin H.* (2014) 230 Cal.App.4th 608, 610, 613 [appellate court exercised its discretion to consider the father's challenge to the juvenile court's removal of children from his custody based on a more than 20-year-old sexual abuse conviction where the finding "could result in far-reaching consequences with respect to these and future dependency proceedings"].) The marijuana abuse finding against Father does not carry the prejudicial impact of the findings in the cases on which Father relies where appellate courts exercised their discretion to review a challenged finding. (See, e.g., *In re*

*D.P.* (2014) 225 Cal.App.4th 898, 902 [reviewing the mother's challenge to a physical abuse jurisdictional finding under section 300, subdivision (a), although the mother did not challenge the physical abuse jurisdictional finding under section 300, subdivision (b) because "the finding that the mother intentionally hurt her daughter has the potential to impact future dependency proceedings"]; *In re D.M.* (2015) 242 Cal.App.4th 634, 639 [reviewing the mother's challenge to a physical abuse jurisdictional finding under section 300, subdivision (a), although jurisdiction over the children would still exist based on the unchallenged jurisdictional findings against the father, because the challenged finding that the "mother intentionally inflicted serious physical harm" on her child could impact future dependency proceedings].)

A review of Father's challenge to the jurisdictional finding against him would be a purely academic exercise because we can order no effectual relief for Father. Moreover, Father has presented no reason for us to exercise our discretion to review the challenge. Accordingly, we dismiss this appeal because Father raises a nonjusticiable issue.

**DISPOSITION**

The appeal from the August 25, 2020 orders is dismissed.

NOT TO BE PUBLISHED

                                                    CHANEY, J.

We concur:


        BENDIX, Acting P. J.


        FEDERMAN, J.*

---

        * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10