Filed 5/15/25  In re Anthony M. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Anthony M., et al.,<br><br>    Minors Coming Under the Juvenile Court Law,<br>_____<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>Gilberto M.,<br><br>    Defendant and Appellant. | B337114<br><br>(Los Angeles County Super. Ct. Nos. 24CCJP00380A-C) |

APPEAL from an order of the Superior Court of Los Angeles County, Syna N. Dennis, Commissioner.  Affirmed.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Senior Deputy County Counsel, for Plaintiff and Respondent.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

\* \* \* \* \* \*

In this dependency appeal, Gilberto M. (father) challenges the juvenile court's order asserting dependency jurisdiction over three of his children.  However, because the children's mother has not appealed and father has not challenged all of the bases for the court's exertion of jurisdiction, his challenge is not justiciable.  We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

I.     **Facts**

A.     *The relevant family*

Father and D.V. (mother) married in 2014 and separated in 2018; they have three children together—namely, Anthony M. (born September 2008), Athon M. (born July 2011), and Angel M. (born July 2013). [1]  At the beginning of these proceedings, all

---

[1]     Father also has two younger children from a different relationship.  Those children were subject to a separate dependency proceeding and appeal following father's arrest and an incident of domestic violence between father and the mother of those children (*In re Amelia M.* (Mar. 10, 2025, B337169, B339889) [nonpub. opn.]), but are not part of this appeal.

2

three children lived with their paternal grandparents; mother and father were both homeless.

## B.    *The conduct giving rise to jurisdiction*

Sometime in late December 2022 or early January 2023, mother hit Athon in the genitals with a belt.[2]  In response to the incident, Athon called father (but was unable to reach him), and has since refused to stay at mother's residence.

Mother has struggled with a methamphetamine addiction. In August 2023, mother was found wandering on a freeway and acting as if she were under the influence of methamphetamine. Testing confirmed that she was.  On January 17, 2024, mother again tested positive for methamphetamine and amphetamine. Father was aware of mother's drug use.  Mother nevertheless denied any drug use.

On October 28, 2023, father was arrested while in the driver's seat of his car outside the home of his girlfriend, whom he had beaten a few days earlier.  Police recovered a small plastic bindle of methamphetamine in father's left pants pocket, and observed a glass pipe used to ingest methamphetamine. Elsewhere in the car, police recovered golf-ball-sized plastic bindles of methamphetamine labeled "14" and egg-sized bindles labeled "28."  After waiving his *Miranda* rights, father admitted that he was selling drugs out of his car on behalf of the Compton

---

[2]    The precise date of this event is not clear.  Athon reported the incident "in 2022" or "New Year's 2023" or "right after New Year's in 2022"; mother admitted to the incident occurring in "early 2023."

Varrio Chicano street gang.[3]  Father would sometimes drive the children to school.  Father used marijuana on a daily basis, but never around the children.  Father denied possessing the glass pipe seized by police, reported he disposed of the meth he was selling by the end of each day, and denied *using* methamphetamine after 2007.

## II.    Procedural Background

On February 2, 2024, the Los Angeles County Department of Children and Family Services (the Department) filed a petition asking the juvenile court to exert jurisdiction over all three children on the grounds that (1) mother physically abused Athon by striking him with a belt, and father "knew or reasonably should have known" of the abuse "and failed to protect the child . . . by allowing the mother to . . . have unlimited access to the child," thereby placing all three children at risk of serious physical harm and warranting jurisdiction under Welfare and Institutions Code section 300,[4] subdivisions (a), (b)(1), and (j); (2) mother has a "history of substance abuse and is a current abuser of methamphetamine," and father "knew or reasonably should have known" of mother's substance abuse and "failed to protect the children" by allowing her "unlimited access to the children," thereby placing all three children at risk and warranting jurisdiction under section 300, subdivision (b)(1); (3) father's October 2023 arrest for possessing methamphetamine for sale

---

[3]     Father was arrested for possession of a controlled substance for sale, but he was ultimately not charged with any criminal offense.

[4]     All subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

4

"created a detrimental and endangering environment for the children," thereby placing the children at risk and warranting the exercise of jurisdiction under section 300, subdivision (b)(1); and (4) father has a "history of substance abuse and is a current abuser of marijuana" and seller of methamphetamine, thereby placing the children at risk and warranting the exercise of jurisdiction under section 300, subdivision (b)(1).[5]

On April 25, 2024, the juvenile court held a combined jurisdictional and dispositional hearing. The court sustained the allegations relating to mother's physical abuse of Athon as well as father's failure to protect, mother's drug abuse and father's failure to protect, father's conduct in selling methamphetamine, and father's history of substance abuse. The court explained that father's conduct in selling methamphetamine from his car endangered the children because "the children do have access to the father's vehicle and there were serious substances found in [that] vehicle." The court also explained that father's history of substance abuse did not encompass his use of marijuana because the court did not "see anything demonstrating that father's marijuana use impacted his ability to care for the children"; instead, the court sustained that allegation based on his use of "meth," which the court viewed as "a different type of drug." The court removed the children from mother and father and placed

_____

[5]     The Department also alleged jurisdiction was warranted due to mother's mental and emotional problems (without any allegation of father's failure to protect) as well as father's domestic violence against his girlfriend. The court sustained the allegations regarding mother's mental and emotional problems, but dismissed the allegations regarding father's domestic violence.

them with the paternal grandparents; the court ordered reunification services for both parents.

Father timely appealed. Mother did not.

## DISCUSSION

In his appeal, father attacks the sufficiency of the evidence supporting the two allegations arising out of his possession of methamphetamine in his car, arguing that the juvenile court erred in inferring that the drugs were ever in the car at the same time as the children and in finding the children continued to be at risk from his drug trafficking because father had given up dealing drugs to be an Uber driver in a different car. Father does not in any way attack the juvenile court's order sustaining the allegations that mother physically abused Athon, that mother has a history of substance abuse—or, critically, that father failed to protect the children from mother as to both. Father's attacks are so surgical that they render this appeal nonjusticiable.

"'[D]ependency jurisdiction attaches to a child, not to his or her parent.'" (*In re D.P.* (2023) 14 Cal.5th 266, 283 (*D.P.*), quoting *In re D.M.* (2015) 242 Cal.App.4th 634, 638.) This means that, "'"[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate."'" (*D.P.*, at p. 283, quoting *In re D.P.* (2014) 225 Cal.App.4th 898, 902; *In re I.J.* (2013) 56 Cal.4th 766, 773.) Thus, where "there are multiple findings [supporting jurisdiction] against one parent," a "parent's attempt to challenge" only a subset of those findings will not affect the juvenile court's jurisdiction, depriving us of the ability to grant meaningful relief, and for that reason render the appeal moot and nonjusticiable. (*D.P.*, at pp. 283-284.) Because father is only attacking a subset of the

6

jurisdictional allegations that render him an "offending" parent, his appeal is moot and nonjusticiable.

Father responds that we have discretion to overlook the mootness of this appeal, and should exercise that discretion because the jurisdictional allegations regarding his trafficking in methamphetamine are stigmatizing, render him an offending parent, and have preclusive effect in future proceedings. To be sure, we do have discretion to address the merits of a moot appeal in a dependency case, and our Supreme Court has counseled us to exercise that discretion when "the jurisdictional finding is based on particularly pernicious or stigmatizing conduct" or is what makes the parent offending versus non-offending. (*D.P.*, *supra*, 14 Cal.5th at p. 286; *In re Quentin H.* (2014) 230 Cal.App.4th 608, 613.) These considerations do not counsel in favor of the exercise of discretion here. Father's status as an offending parent in any hypothetical future proceeding would be unaffected by this appeal because the underlying allegations father challenges— that he trafficked in methamphetamine—are based in part on his own admission. Any stigma stemming from that admission would also be unaffected by our review. These findings also do not affect whether father is an offending parent, as his failure to protect from mother's physical abuse of Athon and her substance abuse render him offending—and father does not challenge those findings.[6]

---

[6]   To the extent an appeal is moot only if we have engaged in some review of one of the unchallenged findings, substantial evidence supports the finding that mother has a substance abuse issue and that father knew about it and did not protect the children.

7

**DISPOSITION**

The jurisdictional and dispositional orders are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, P. J.

HOFFSTADT

I concur:

_____, J.

MOOR

In re Anthony M. et al.
B337114


BAKER, J., Concurring


      I agree the appeal is moot and the juvenile court's ruling should be affirmed, but I do not join the majority's assertion that "our Supreme Court has counseled us to exercise . . . discretion [to decide a moot issue] when 'the jurisdictional finding is based on particularly pernicious or stigmatizing conduct' or is what makes the parent offending versus non-offending."


      BAKER, J.